# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

WALL STREET PLAZA
88 PINE STREET, SUITE 1900
NEW YORK, NY 10005
212-825-1212

Lee Pinzow
Phone: 646-870-1745
Fax:     646-779-6889
lpinzow@morrisonmahoney.com

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

CONNECTICUT
HARTFORD
STAMFORD

ENGLAND
LONDON

NEW HAMPSHIRE
MANCHESTER

NEW JERSEY
PARSIPPANY

NEW YORK
NEW YORK

RHODE ISLAND
PROVIDENCE

December 30, 2019

**VIA ECF**

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Allstate Ins. Co. et. al. v. Amirova, et. al.**
    **Civil Docket No. 1:19-cv-2354 (PKC) (LB)**

Dear Judge Chen:

We represent Plaintiffs in the above-referenced matter and are writing to advise the Court that Plaintiffs and Defendants Towers NY, Inc. and Arik Malakov (the "Settling Defendants") have settled the action between them and enclose a proposed Stipulation and Order of Voluntary Dismissal ("Stipulation") for the Court's consideration.  *See* Exhibit "A." In addition to the foregoing, for the reasons set forth below, Plaintiffs, jointly with the Settling Defendants, respectfully requests the Court's permission to file under seal the confidential settlement agreement (the "Agreement") between Plaintiffs and Settling Defendants.

Specifically, Plaintiffs and Settling Defendants make this application so that the Court may retain jurisdiction over the Agreement and, if necessary, enforce the continuing obligations set forth therein.  Absent the foregoing, Plaintiffs and Settling Defendants would be left without recourse to the Court before which the litigation was pending, and any subsequent action, if necessary, to enforce compliance with the Agreement's terms would be before a court unfamiliar with the salient issues underlying the Agreement.

As an initial matter, the Agreement contains a confidentiality provision that prohibits the disclosure of the Agreement or any of its terms to anyone other than the parties to the Agreement.  Under similar circumstances, such information is often permitted to be filed under seal to avoid any violation of the confidentiality agreement between the settling parties. *See* Orders of December 10, 2019, October 15, 2019 (granting Docket No. 151), October 15, 2019 (granting Docket No.

**MORRISON MAHONEY LLP**

Hon. Pamela K. Chen
December 30, 2019
Page 2

150), October 11, 2019, September 18, 2019, September 11, 2019 (granting Docket No. 137), September 11, 2019 (granting Docket No. 136), September 11, 2019 (granting Docket No. 135), September 11, 2019 (granting Docket No. 134), August 28, 2019 (granting Docket No. 123), August 28, 2019 (granting Docket No. 122), August 26, 2019 (granting Docket No. 118), August 26, 2019 (granting Docket No. 116), August 12, 2019, July 29, 2019 (Docket No. 101); July 25, 2019 (Docket No. 98), and July 22, 2019 (Docket No. 93); *American Transit Ins. Co. v. Akpan, et al.,* 18-cv-442 (Orders dated June 20, 2019, May 2, 2019, December 18, 2018, December 17, 2018, December 13, 2018 (Docket No. 106), November 16, 2018, November 6, 2018 (Docket Nos. 87 & 88), October 19, 2018 (Docket No. 62)); *Allstate Ins. Co. et al. v. Khotenok, et al.,* 18-cv-5650 (Orders dated November 20, 2019 (Docket No. 86), March 7, 2019); *Allstate Ins. Co., et al. v. Abramov et al.*, 16-cv-1465 (Orders dated July 28, 2016, August 2, 2016, September 16, 2016, September 23, 2016, October 12, 2016, October 17, 2016, December 16, 2016, February 3, 2017, October 26, 2017, December 14, 2017, February 5, 2018, April 6, 2018, May 2, 2018, and July 17, 2019); *Allstate Ins. Co., et al. v. Abutova, et al.*, 13-cv-3494 (Orders dated January 17, 2014 (Docket No. 256), May 7, 2014 (Docket No. 264), May 13, 2014 (Docket No. 269), August 14, 2014, November 6, 2014 (Docket No. 294), January 8, 2015 (Docket No. 306), June 10, 2015, October 15, 2015 (Docket No. 335), November 5, 2015, January 11, 2016 (Docket No. 343), February 25, 2016 (Docket No. 345), and March 3, 2016);*see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (opining that "it was a serious abuse of discretion for the district court to refer to the magnitude of the settlement amount—theretofore confidential—in the Unsealing Order"); *Travelers Indem. Co. v. Liberty Med. Imaging Assocs., P.C.*, No. 07-2519, 2009 WL 962788, at *2 (E.D.N.Y. Apr. 8, 2009) ("in this case, the parties' mutual interest in maintaining the confidentiality of settlement negotiations outweighs the general public interest in disclosure of the particulars of judicial proceedings, especially given the apparent lack of prejudice to any particular party should the record remain sealed."); *Chubb & Son Inc. v. Kelleher*, No. 92-4484 (CBA)(RML), 2006 WL 2728636, at *2 (E.D.N.Y. Mar. 30, 2006) (discussing prior order authorizing limited production of settlement agreements under seal in order to confirm pre-judgment interest computations), *report and recommendation adopted,* 2006 WL 2711543 (E.D.N.Y. Sept. 21, 2006); *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857-58 (2d Cir. 1998) ("Recognizing that fostering settlement of any case or controversy is an Article III function, and that courts have an even larger role in settling cases such as this affecting the public interest, we agree with the trial court that settlement negotiations in this case would be chilled to the point of ineffectiveness if draft materials were to be made public."); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003) (explaining that there is a "strong public interest in favor of secrecy of settlement matters" and "[t]he ability to negotiate and settle a case without trial fosters a more efficient, more cost effective and significantly less burdened judicial system"). Additionally, this court granted nearly identical applications under similar circumstances in *Allstate Ins. Co., et al. v. Yadgarov, et al.*, 11-cv-6187. *See* (Orders dated

M<small>ORRISON</small> M<small>AHONEY</small> <small>LLP</small>

Hon. Pamela K. Chen
December 30, 2019
Page 3

July 25, 2013, March 11, 2014, August 26, 2014, and September 16, 2015).[1]  The Second Circuit and district courts in New York have recognized that the "'[s]ecrecy of settlement terms . . . is a well-established American litigation practice.'"  *Palmieri v. New York*, 779 F.2d 861, 865 (2d Cir. 1985) (quoting *In re Franklin National Bank*, 92 F.R.D. 468, 472 (E.D.N.Y. 1981) *aff'd sub nom. Federal Deposit Ins. Corp. v. Ernst & Ernst*, 677 F.2d 230 (2d Cir. 1982)).

As the parties to the Agreement negotiated and agreed to keep the terms therein confidential, it is respectfully requested that the Court permit Plaintiffs to file the Agreement under seal and that the Court retain jurisdiction over disputes, if any, that may arise out of the enforcement of the Agreement.  A copy of the Agreement can be provided to the Court upon request.

Thank you for your consideration in this regard.

Respectfully submitted,

Morrison Mahoney, LLP

By: /s/ Lee Pinzow
       Lee Pinzow

cc: All Counsel (via ECF)

---

[1] In *Liberty Mutual Ins. Co., et al. v. Shapson, et al.*, 13-cv-5046 (ENV)(PK), Judge Vitaliano denied a similar motion for leave to file confidential settlement agreements under seal, finding that "[w]here, as here, the settlement agreement does not need court approval, the agreement itself need not be filed with a district court for that court to retain jurisdiction over disputes . . . that arise from a claimed breach of the agreement."  In that regard, the court noted that filing the settlement agreement was unnecessary "so long as the stipulation of [voluntary] dismissal evinces a clear intention that this court retain jurisdiction."  *See Shapson,* 13-cv-5046 (Order dated 5/19/2016 (ECF No. 80)); *Allstate Ins. Co. et. al v. Chillemi, et. al.,* 19-cv-3051, (Order dated 9/3/2019) (adopting reasoning set forth in *Shapson*); *See also Allstate Ins Co. v. Avetisyan*, 17-cv-04275-LDH-RML (E.D.N.Y.) (DeArcy Hall, J.) (retaining jurisdiction over enforcement of settlement agreements through so-ordered stipulations of dismissal (ECF Nos. 114-115, 125, 139, 169, 227, & 235) despite denying nearly identical application to file settlement agreements under seal (Orders dated 12/28/2018, April 22, 2019)).  Notwithstanding these decisions, as indicated above, this Court *as well as* the courts in *Akpan, Khotenok, Abramov, Abutova,* and *Yadgarov,* granted the same application Plaintiffs file here, in which the stipulations included the clear intention for the court to retain jurisdiction.  Therefore, we are filing this motion for leave to file the agreement under seal in case this Court would like to review the Agreement before agreeing to retain jurisdiction and ordering the voluntary dismissal of the Settling Defendants.

# EXHIBIT "A"

Exhibit "3"

**Stipulation of Dismissal**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

ALLSTATE INSURANCE COMPANY, ET AL.,

                         **Plaintiffs,**

    -against-

RACHIDA AMIROVA, ET AL.,

                         **Defendants.**

1:19-CV-2354
(PKC) (LB)

STIPULATION AND ORDER
OF VOLUNTARY DISMISSAL
WITH PREJUDICE SOLELY
AS TO ARIK MALAKOV AND
TOWERS NY, INC.

---------------------------------------------------------------------- X

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel, as follows:

1. Any and all claims and defenses by and between Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate New Jersey Property and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, and Allstate Northbrook Indemnity Company (collectively "Plaintiffs"), on the one hand, and Arik Malakov and Towers NY, Inc. ("Defendants"), on the other, are hereby voluntarily dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).

2. Plaintiffs and Defendants shall pay their own costs and attorneys' fees.

3. This Stipulation and Order of Voluntary Dismissal is solely limited to discontinuing claims by and between the parties hereto.

4. The Court shall retain jurisdiction and authority over any disputes relating to the enforcement of the settlement agreement entered into by the Plaintiffs and Defendants to this Stipulation and Order of Voluntary Dismissal.

Dated: New York, New York
November 26, 2019

**MORRISON MAHONEY LLP**

By: /s/ Lee Pinzow
Robert A. Stern, Esq.
James A. McKenney, Esq.
Lee Pinzow, Esq.
Wall Street Plaza
88 Pine Street, Suite 1900
New York, New York 10005
*Counsel for Plaintiffs, Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate New Jersey Property and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, and Allstate Northbrook Indemnity Company*

**The Mead Law Firm, P.C.**

By: _____
Wesley Mead, Esq.
20-77 Steinway Street, Suite SL
Astoria, New York 11105
*Counsel for Arik Malakov and Towers NY, Inc.*

**SO ORDERED**

_____
Pamela K. Chen, U.S.D.J.

Dated:_____, 2019